IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
7:13-CV-192-BR

| | |
|---|---|
| DAVID RHODES and DARLENE HOLLAND, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>JOHN INGRAM, in his official capacity as )<br>Sheriff of Brunswick County; TIMOTHY )<br>CLEMMONS; TINA EDWARDS; and )<br>WESTERN SURETY COMPANY, )<br>)<br>Defendants. )<br>_____ )<br>)<br>TIMOTHY CLEMMONS, )<br>)<br>Counterclaim Plaintiff, )<br>)<br>v. )<br>)<br>DAVID RHODES, )<br>)<br>Counterclaim Defendant. ) | **ORDER** |

In this case, plaintiffs David Rhodes ("Rhodes") and Darlene Holland ("Holland") (collectively "plaintiffs") assert claims under 28 U.S.C. § 1983 and North Carolina law against defendants Brunswick County Sheriff John Ingram and defendants Timothy Clemmons ("Clemmons") and Tina Edwards ("Edwards"), both officers within the Sheriff's Office (collectively "defendants"). (*See*, *e.g.*, Compl. (D.E. 1-2) ¶¶ 3-4, 78-113). The surety on the Sheriff's bond, Western Surety Company, is also a defendant. (*See id.* ¶ 8). Clemmons has counterclaimed against Rhodes for defamation and slander. (*See* Ctrclm. (D.E. 11 at 18-23)). The claims arise from execution of a state search warrant by officers of the Brunswick County

Sheriff's Office at Holland's residence on 12 February 2013 when Rhodes, although not Holland, was present and a warrantless search of Rhodes' residence shortly thereafter. (*See*, *e.g.*, Compl. ¶¶ 27-28, 49-52). The warrant sought stolen property allegedly bought by plaintiffs at a flea market. (*See*, *e.g.*, *id.* ¶¶ 17, 22, 26). Plaintiffs claim that the search of Holland's residence exceeded the scope of the search warrant and was executed with undue force against Rhodes, and that the search of Rhodes' residence exceeded the scope of the consent Rhodes provided for it. (*See*, *e.g.*, *id.* ¶ 82). Plaintiffs seek compensatory and punitive damages and other relief. (*See id.* 21-22, Prayer for Relief).

By order of presiding Senior District Judge W. Earl Britt (D.E. 40 at 2), the case comes before the undersigned magistrate judge for disposition pursuant to 28 U.S.C. § 636(b)(1)(A) of plaintiffs' motion (D.E. 31) to compel responses to their first set of interrogatories and requests for production to defendants,[1] including plaintiffs' request for attorney's fees and other expenses. Other motions were included in the same document as the motion to compel, but Judge Britt has addressed them. (*See* D.E. 40 at 2-3). For the reasons and on the terms set forth below, the motion to compel will be allowed in part and denied in part.

## APPLICABLE LEGAL STANDARDS

The Federal Rules of Civil Procedure enable parties to obtain information, including documents, by serving requests for discovery on each other, among them interrogatories and requests for production of documents. *See generally* Fed. R. Civ. P. 26-37. Rule 26 provides for a broad scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . For good cause, the court may order

---

[1] The discovery requests are located at D.E. 32-3 and defendants' responses (including the requests) at D.E. 32-4 at 1 to 30. The responses are accompanied at D.E. 32-4 at 31 to 112 by documents produced by defendants.

> discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1). The rules of discovery, including Rule 26, are to be given broad and liberal construction. *Herbert v. Lando*, 441 U.S. 153, 177 (1979); *Nemecek v. Bd. of Governors*, No. 2:98-CV-62-BO, 2000 WL 33672978, at *4 (E.D.N.C. 27 Sep. 2000).

While Rule 26 does not define what is deemed relevant for purposes of the rule, relevance has been "'broadly construed to encompass any possibility that the information sought may be relevant to the claim or defense of any party.'" *EEOC v. Sheffield Fin. LLC*, No. 1:06CV889, 2007 WL 1726560, at *3 (M.D.N.C. 13 June 2007) (quoting *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 473 (N.D. Tex. 2005)). The district court has broad discretion in determining relevance for discovery purposes. *Watson v. Lowcountry Red Cross*, 974 F.2d 482, 489 (4th Cir. 1992). The party resisting discovery bears the burden of establishing the legitimacy of its objections. *Brey Corp. v. LQ Mgmt., L.L.C.*, No. AW-11-cv-00718-AW, 2012 WL 3127023, at *4 (D. Md. 26 July 2012) ("In order to limit the scope of discovery, the 'party resisting discovery bears the burden of showing why [the discovery requests] should not be granted.'" (quoting *Clere v. GC Servs., L.P.*, No. 3:10-cv-00795, 2011 WL 2181176, at *2 (S.D. W. Va. 2011))). In addition, the court may limit the extent of discovery otherwise allowable where "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C)(iii); *see also Basile Baumann Prost Cole & Assocs., Inc. v. BBP & Assocs. LLC,* No. WDQ-11-2478, 2013 WL 1622001, at *3 (D. Md. 9 Apr. 2013) ("Further, '[a]ll

3

discovery is subject to the [proportionality] limitations imposed by Rule 26(b)(2)(C).'" (quoting Fed. R. Civ. P. 26(b)(1))).

Rule 37 allows for the filing of a motion to compel discovery responses. *See* Fed. R. Civ. P. 37(a)(3)(B)(iv).

## DISCUSSION

**I.     Objections Based on N.C. Gen. Stat. § 153A-98**

N.C. Gen. Stat. § 153A-98(c) protects the confidentiality of the personnel files of county employees, but provides an exception when disclosure is ordered by a court of competent jurisdiction. The statute reads:

> All information contained in a county employee's personnel file, other than the information made public by subsection (b) of this section, is confidential and shall be open to inspection only in the following instances:
>       . . . .
> (4) By order of a court of competent jurisdiction, any person may examine such portion of an employee's personnel file as may be ordered by the court.

N.C. Gen. Stat. § 153A-98(c)(4).

Defendants asserted an objection based on confidentiality under N.C. Gen. Stat. § 153A-98(c) in their responses to interrogatories nos. 5 and 6, and production requests nos. 4 to 9 and 12 to 14.[2, 3] Interrogatories nos. 5 and 6 seek information regarding any disciplinary measures or warnings issued to Edwards and Clemmons, respectively; production requests nos. 4, 5, and 6 seek, respectively, all documents contained in the personnel files of Edwards, all documents

---

[2] Defendants assert a confidentiality objection to interrogatory no. 10 as well, but it is coupled with another objection. Interrogatory no. 10 is therefore discussed separately in the next section below.

[3] The objection to the interrogatories reads: "The information sought by this interrogatory is confidential, privileged, protected and otherwise prohibited from disclosure by N.C.G.S. § 153A-98 and other pertinent statutes." *E.g.*, Resp. to Int. No. 5. The objection to the production requests is slightly different, reading: "The documents sought by this request for production is protected and otherwise prohibited from disclosure by N.C.G.S. § 153A-98." *E.g.*, Resp. to Prod. Req. No. 4. While the objection to the interrogatories contains the terms "confidential," "privileged," and "other pertinent statutes" not found in the objection to the production requests, defendants support this objection solely by reliance on N.C.G.S. § 153A-98.

4

relating to her law enforcement training, and all documents relating to disciplinary actions and similar adverse employment actions taken against Edwards by the Sheriff's Office or Ingram; and production requests nos. 7 to 9 and 12 to 14 seek comparable documents for Clemmons and Captain Sammy Turner, respectively.

The objection under N.C. Gen. Stat. § 153A-98(c) is effectively the only objection to these discovery requests other than a general objection based on the attorney-client privilege and the work product doctrine (Gen. Obj. No. 2 at D.E. 32-4 at 2). While there is a general objection based on N.C. Gen. Stat. § 153A-98(c), it is duplicative of the specific objections asserted. There are additional general objections, but none appears applicable.

Plaintiffs assert that defendants waived their objections under N.C. Gen. Stat. § 153A-98(c) by not themselves moving for a protective order. Defendants counter that they have no such burden, citing, *e.g.*, *McDonald v. Suggs*, No. 5:07–CV–339–D, 2009 WL 864759, at *3 (E.D.N.C. 30 Mar. 2009). Defendants also argue that production of the personnel information regarding Clemmons, Edwards, and another officer with the Brunswick County Sheriff's Office, Captain Danny Turner ("Turner"), is irrelevant. (*See* Defs.' Mem. 5 n.5, 6-7). Specifically, defendants contend that, while Edwards obtained the search warrant, she did not enter Holland's residence until after other officers had secured Rhodes and then questioned him (*see* Resp. to Int. No. 7); Clemmons remained in his vehicle while other officers entered the Holland residence and secured Rhodes and subsequently entered for only a few minutes to assist with the search before leaving the area (*see* Resp. to Int. No. 8); and although defendants had designated Turner, a member of the SWAT team executing the warrant who completed a use of force report on execution of the warrant, as an expert witness, they no longer intended to call him as such (*see* Use of Force Rep. (D.E. 32-7)).

5

Turning first to defendants' relevancy argument, it is untimely. They did not assert lack of relevancy as an objection in their response to the discovery requests in issue. They have accordingly waived it. *See* Fed. R. Civ. P. 33(b)(4) ("The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."); *Frontier-Kemper Constructors, Inc. v. Elk Run Coal Co., Inc.,* 246 F.R.D. 522, 528 (S.D.W. Va. 2007) (waiver of objections to production requests); *Drexel Heritage Furnishings, Inc. v. Furniture USA, Inc.*, 200 F.R.D. 255, 258 (M.D.N.C. 2001) (same). In any event, the relevancy objection, at least as to Edwards and Clemmons, is based largely on defendants' version of contested facts relating to the events at issue in this case, rather than the claims and defenses in this case, the proper lodestars for the scope of discovery. *See* Fed. R. Civ. P. 26(b)(1). Resolution of the merits of the case is, of course, not before the court at this time.

As to defendants' N.C. Gen. Stat. § 153A-98(c) objection, defendants shall serve on plaintiffs by 17 March 2015 a proposed protective order based on the statute. The parties shall thereafter confer regarding the proposed order in a good faith effort to reach agreement on its terms. Such conferral shall include an in-person meeting or telephone conversation. No later than 24 March 2015, defendants shall file the proposed protective order agreed upon by the parties or, if agreement is not reached, their own proposed version. Plaintiffs shall file their proposed version of the protective order by the same date, if the parties do not agree upon a version. Any proposed orders filed may be accompanied by an explanatory memorandum that shall not exceed four pages in length. Pending entry by the court of a protective order, any documents and information, including information contained in such documents, subject to N.C. Gen. Stat. § 153A-98(c) that is produced to plaintiffs' counsel of record pursuant to this order

6

shall not be disclosed by plaintiffs' counsel to anyone other than employees of plaintiff's counsel's firm assisting with litigation of this case and shall not be used by plaintiffs' counsel and any employees of their firm to whom disclosure is made for any purpose other than litigation of this case.

The objections asserted by defendants to the discovery requests at issue having been resolved, no later than 24 March 2015, defendants shall serve on plaintiffs supplemental answers to interrogatories nos. 5 and 6 providing all the information requested or identifying by Bates number documents produced containing all such information in accordance with Fed. R. Civ. P. 33(d). The supplemental answers shall be accompanied by a verification. By the same date, defendants shall serve on plaintiffs the documents sought in production requests nos. 4 to 9 and 12 to 14. The documents shall be accompanied by a duly signed supplemental response to these production requests identifying by Bates number the documents being produced in response to each.

Pursuant to its general privilege objection, defendants may claim attorney-client privilege or work product protection in responses to the interrogatories and production requests. To validly assert such a claim, defendants must expressly state it in response to the particular discovery request involved and serve with the discovery responses a privilege log in conformance with Rule 26(b)(5)(A) that is signed in accordance with Rule 26(g). Failure to timely serve a duly signed privilege log meeting the requirements of Rule 26(b)(5)(A) shall be deemed a waiver of the protection otherwise claimed.

**II.     Interrogatory No. 10**

Interrogatory no. 10 seeks information regarding the system or procedure for evaluating the performance of sheriff deputies and other employees of the Brunswick County Sheriff's Office. It states:

> If the Sheriff's Office maintains a system or procedure for conducting performance evaluations of police officers, sheriff deputies, or other law-enforcement personnel employed by the Sheriff's Office, please provide the following:
>
>     a.    a description of the system or procedure;
>
>     b.    the location and names of the files or documents containing a description of the system or procedure;
>
>     c.    the name, office address and title of the custodian of the employee evaluations;
>
>     d.    a list of the form(s) by name and by number which, at any time since January 1, 2005, have been used to memorialize employee performance evaluations, and an indication as to whether copies of such form(s) are placed in the employee's individual personnel file; and
>
>     e.    the date(s) on which the performance evaluation system or procedure described in this interrogatory went into effect.

(Resp. to Int. No. 10).

Defendants objected, in part, pursuant to N.C. Gen. Stat. § 153A-98, that employee performance evaluations are protected from disclosure. The court has already determined that this objection does not preclude production of the material sought. The objection is, in any event, inapposite because this interrogatory does not seek confidential personnel information, but rather simply information about the personnel system.

Defendants also objected that "the performance evaluation system for Brunswick County Deputy Sheriffs is operated and maintained by Brunswick County Human Resources Division,

not the Sheriff of Brunswick County." (Resp. to Int. No. 10). Even if this statement is deemed to be true, that circumstance does not excuse defendants from providing the information sought by this interrogatory. The gravamen of the interrogatory is to obtain information about any system or procedure the Sheriff's Office uses—that is, "maintains"—for conducting performance evaluations of law enforcement personnel it employs. Defendants' response indicates that there is a system used, which happens to be managed by the County Human Relations Division. Since the Sheriff's Office is using this system, any notion that it is unfamiliar with it or cannot obtain access to or information about it stretches credulity. Indeed, defendants have already produced manuals on personnel policies for the Sheriff's Office. (*See*, *e.g.*, D.E. 32-4 at 31 to 63).

In their memorandum in opposition to plaintiffs' motion, defendants argue that the information sought by this interrogatory is not relevant primarily because they did nothing wrong. This objection fails for the same reason it failed with respect to the previous discovery requests, namely, it is untimely and based on defendants' position on the merits of its case. In any event, plaintiffs have demonstrated that the information sought is relevant to determining whether defendants' conduct at issue was undertaken pursuant to a policy or custom of the Sheriff's Office.

Accordingly, no later than 24 March 2015, defendants shall serve on plaintiffs a supplemental answer to interrogatory no. 10 providing all the information requested or identifying by Bates number documents produced containing all such information in accordance with Fed. R. Civ. P. 33(d). The supplemental answer shall be accompanied by a verification. Defendants may assert claims of attorney-client privilege and work product protection in response to the interrogatory, to the extent applicable, on the same terms set out in section I above.

### III. Interrogatories Nos. 21 and 23

Interrogatory no. 21 states that "[f]or each item identified and described in Interrogatory No. 20 [*i.e.*, any and all items seized from [Holland's] residence pursuant to search on February 12, 2013], please detail the justification for the seizure of said item." (Int. No. 21). Defendants responded: "Each item seized from Plaintiff Holland's residence was seized either because it was reasonably believed to be stolen property, or constituted relevant information in connection with the investigation of stolen property." (Resp. to Int. No. 21).

Plaintiff argues that defendants' response is insufficient because it does not identify the justification for seizure as to each seized item individually. They contend that this information is relevant to their allegation that the search exceeded the scope of the warrant. *See*, *e.g.*, Compl. ¶ 45, 82.f. Defendants do not squarely address this alleged deficiency in their response, but instead point to purported flaws in plaintiffs' supporting argument.

The court agrees with plaintiffs that defendants did not provide a fully responsive answer to interrogatory no. 21 and that the information sought is relevant to plaintiffs' claims. Accordingly, no later than 24 March 2015, defendants shall serve on plaintiffs a supplemental answer to interrogatories nos. 21 and 23 providing all the information requested or identifying by Bates number documents produced containing all such information in accordance with Fed. R. Civ. P. 33(d). The supplemental answer shall be accompanied by a verification. Defendants may assert claims of attorney-client privilege and work product protection in response to the interrogatory, to the extent applicable, on the same terms set out in section I above.

## IV. Production Request No. 25

Production request no. 25 states:

Produce a copy of any and all documents relating to any and all claims or charges of excessive force, improper searches and seizures, or other police misconduct that have been filed against the Sheriff's Office or any of its employees or agents (including the Defendants) with the Internal Affairs Division of the Sheriff's Office since January 1, 2008.

(Prod. Req. No. 25).

Defendants responded as follows:

Objection. This request for production of documents is overly broad, unduly burdensome, and as written — "or other police misconduct" — is completely unlimited as to any category or nature. Without waiving the foregoing objection, and specifically subject thereto, other than the instant lawsuit, which is completely without merit, there have been no "claims or charges of excessive force, improper searches and seizures, or other police misconduct" against Agent Clemmons or Detective Edwards since January 1, 2008.

(Resp. to Prod. Req. No. 25).

Plaintiffs argue that the documents sought are relevant to show that defendants' alleged misconduct was pursuant to an official policy or custom. *See Monell v Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978); *Lytle v. Doyle*, 326 F.3d 463, 471 (4th Cir. 2003); Compl. ¶¶ 80-81. Defendants argue that the information is irrelevant because on the merits they committed no wrongs.

As previously discussed, defendants' contention that they will prevail on the merits is not a suitable or persuasive basis for resisting plaintiffs' discovery.[4] The court does agree with defendants, though, that the production request is overbroad in that the term "other police

---

[4] In support of their argument with respect to production request no. 25, defendants make a flippant reference to a movie character and characterize certain arguments by plaintiffs as "overly dramatic nonsense" and "overly dramatic, hyperbolic nonsense." (Defs.' Mem. 10, 11 & n.10). These statements by defendants approach the boundaries of professionalism and, to defendants' detriment, draw attention away from the substance of their argument and toward the manner in which they are asserting it.

11

misconduct" is not defined. The production request shall therefore be deemed to relate solely to "claims or charges of excessive force" and "improper searches and seizures" (including related recordkeeping), which are the gravamen of plaintiffs' claims in any event.

Subject to this limitation, defendants shall serve on plaintiffs the documents sought in production request no. 25 by 24 March 2015. The documents shall be accompanied by a duly signed supplemental response to this production request identifying by Bates number the documents being produced. Defendants may assert claims of attorney-client privilege and work product protection in response to the production request, to the extent applicable, on the same terms set out in section I above.

## V.     Plaintiffs' Requests for Expenses

The court finds that circumstances would make the award of expenses, including attorney's fees, to plaintiffs unjust. *See* Fed. R. Civ. P. 37(a)(5)(A)(i), (ii). While some of the positions taken by defendants with respect to plaintiffs' discovery requests lacked reasonable justification, they were able to point to authority providing some support for their position with respect to N.C. Gen. Stat. § 153A-98, the wording of interrogatory no. 10 (*i.e.*, "If the Sheriff's Office maintains a system or procedure for conducting performance evaluations") could certainly have been clearer, and a portion of defendants' objection to production request no. 25 was upheld. To the extent that defendants should justly share a portion of plaintiffs' expenses associated with their motion to compel, this concern is satisfied by shifting to the defendants the cost of preparing the proposed protective order based on N.C. Gen. Stat. § 153A-98, as provided herein. Each party shall accordingly bear its own expenses incurred in connection with the motion.

## CONCLUSION

For the foregoing reasons and on the terms specified, IT IS ORDERED that plaintiffs' motion (D.E. 31) to compel discovery is ALLOWED IN PART and DENIED IN PART on the terms specified above.

SO ORDERED, this the 10th day of March 2015.

James E. Gates
United States Magistrate Judge