IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT FO NORTH CAROLINA
SOUTHERN DIVISION

No. 7:13-CV-192-RJ

| | |
|---|---|
| DAVID RHODES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| TIMOTHY CLEMMONS, TINA ) | |
| EDWARDS and WESTERN SURETY ) | |
| COMPANY, ) | |
| ) | |
| Defendants. ) | ORDER |
| | |
| TIMOTHY CLEMMONS, ) | |
| ) | |
| Counterclaim Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| DAVID RHODES, ) | |
| ) | |
| Counterclaim Defendant. ) | |

This cause comes before the court on Defendants' motion to trifurcate trial and to use special interrogatories to resolve factual issues bearing on the applicability of qualified immunity. [DE-93]. Plaintiff has responded to the motion [DE-116], and the issues raised are ripe for decision. For the reasons set forth below, Defendants' motion is denied with respect to trifurcation and is denied without prejudice with respect to the use of special interrogatories.

### I. BACKGROUND

On August 25, 2015, the court granted in part and denied in part Defendants' and Counterclaim Plaintiff's motion for summary judgment. [DE-69]. The remaining claims

proceeding to trial before the undersigned[1] are Plaintiff's claim for excessive force and unreasonable search in violation of 42 U.S.C. § 1983 and the Fourth Amendment against Defendants Clemmons and Edwards in their individual capacities, and Clemmons' counterclaim against Rhodes for defamation. Defendants Clemmons and Edwards have asserted a defense of qualified immunity and seek to trifurcate the trial in this matter and use special interrogatories to resolve factual disputes bearing on their assertion of qualified immunity. Trial is currently set for July 18, 2016.

## II. DISCUSSION

### A. Motion to Trifurcate Trial

Defendants request that the court separate the issues of immunity, liability, and damages at trial. [DE-93] at 2. Defendants argue that because the qualified immunity question must be resolved at "the earliest possible stage of litigation," it should be resolved first, before any other issues are tried. *See Cloaninger ex rel. Estate of Cloaninger v. McDevitt*, 555 F.3d 324, 330 (4th Cir. 2009). Rule 42(b) of the Federal Rules of Civil Procedure permits a court, for convenience, to avoid prejudice, or to expedite and economize, to separate issues to be presented at trial. "[T]he granting of separate trials is within the sound discretion of the trial judge." *Bowie v. Sorrell*, 209 F.2d 49, 51 (4th Cir. 1953); *see Thomas v. Babb*, No. 5:10-CV-52-BO, 2015 WL 1275393, at *1 (E.D.N.C. Mar. 19, 2015) (unpublished); *Scarbro v. New Hanover Cnty.*, No. 7:03-CV-244-FL, 2011 WL 2550969, at *1 (E.D.N.C. June 27, 2011) (unpublished). "Bifurcation is the exception; not the rule," *L–3 Commc'ns Corp. v. OSI Sys., Inc.*, 418 F. Supp. 2d 380, 382 (S.D.N.Y. 2005), and the burden is on the party requesting separate trials to convince a court to allow them. *F & G Scrolling Mouse, L.L.C.*

---

[1] After the issue of summary judgment was decided the parties consented to have a magistrate judge conduct all further proceedings in this case. [DE-75].

*v. IBM Corp.*, 190 F.R.D. 385, 387 (M.D.N.C. 1999); *Scarbro*, 2011 WL 2550969, at *1.

The court, in its discretion, is unpersuaded that trifurcation of the issues in this matter would serve to expedite, economize, or avoid prejudice. It appears that if the issues are separated as urged by Defendants, some evidence related to liability and/or damages would necessarily need to be presented during other phases of the trial, resulting in overlapping evidence and potential confusion of the jurors. While the question of whether Defendants are entitled to immunity under the facts found by the jury is a question of law reserved for the court, *Willingham v. Crooke*, 412 F.3d 553, 559 (4th Cir. 2005), such requirement in no way compels the need for bi- or trifurcation of the issues. *See Thomas*, 2015 WL 1275393, at *1; *Scarbro*, 2011 WL 2550969, at *2. Indeed, proceeding in the manner suggested by Defendants, with three trial phases, each consisting of separate issues and findings by the jury and/or the court, would seem in this instance to create a scenario ripe for confusion and resulting prejudice to either Defendants or Plaintiff, or both.

Defendants have simply not satisfied their burden to show that separation of the issues will promote greater convenience and economy in this matter and will not result in undue prejudice to any party. The court therefore in its discretion denies Defendants' request.

## B. Use of Special Interrogatories

Defendants seek to use special interrogatories to resolve factual issues bearing on Defendants' entitlement to qualified immunity. Plaintiff objects to the use of special interrogatories on the grounds that they are not required, their use would unnecessarily complicate and confuse the jury, and the jury's decision on liability would necessarily subsume their responses to the interrogatories. In any event, Plaintiff argues the interrogatories as proposed by Defendants misstate the law and are premature. Alternatively, Plaintiff seeks to reserve his ability to propose his own

special interrogatories should the court allow them to be submitted to the jury.

The court agrees that the motion to use special interrogatories is premature, as there may be additional factual disputes that arise or anticipated factual disputes that do not arise at trial. *See Thomas*, 2015 WL 1275393, at *2. Accordingly, the court denies Defendants' motion without prejudice, and it will consider a request to use special interrogatories again at the appropriate time during the trial.

### III. CONCLUSION

For the foregoing reasons, Defendants' motion [DE-93] is DENIED with respect to trifurcation and is DENIED WITHOUT PREJUDICE with respect to the use of special interrogatories.

So ordered, the 10th day of July 2016.

Robert B. Jones, Jr.
United States Magistrate Judge