IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:13-CV-00192-RJ

| | | |
|---|---|---|
| DAVID RHODES, et al., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | ORDER |
| JOHN INGRAM, et al., | ) ) ) | |
| Defendants. | ) | |

This matter is before the court on Plaintiff's oral motion to certify for immediate appeal and stay pursuant to 28 U.S.C. § 1292(b) the court's July 15, 2016 oral order denying Plaintiff's motion to amend pleadings [DE-135]. Section 1292(b) provides as follows:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b). "In deciding whether to certify an order for interlocutory appeal, courts employ the two-prong test established by the language of § 1292(b)." *State of N.C. ex rel. Howes v. W.R. Peele, Sr. Trust*, 889 F. Supp. 849, 852 (E.D.N.C. 1995) (citing *North Carolina ex rel. Long v. Alexander & Alexander Servs., Inc.*, 685 F. Supp. 114, 115 (E.D.N.C.1988)). "The first substantive clause of this test requires that there be a 'controlling question of law as to which there is substantial ground for difference of opinion,' while the second clause requires an inquiry as to whether an

appeal would 'materially advance the ultimate termination of the litigation.'" *Id.* Plaintiff has failed to demonstrate either requirement, and the motion is DENIED.

This case will proceed to trial as scheduled on Monday, July 18, 2016 at 10:00 a.m., with counsel to convene in the chambers of the undersigned at 9:00 a.m. Although Plaintiff alluded to dismissing Defendant Clemmons from the case while arguing in support of the motion to amend, as well as in discussions regarding the need to amend the pretrial order, Clemmons has not been dismissed from this case. Additionally, the parties discussed a potential resolution of Clemmons' counterclaim, but that claim has yet to be dismissed. Accordingly, the parties shall either (1) take the necessary actions to dismiss Clemmons from the case, dismiss Clemmons' counterclaim, and submit a revised pretrial order by no later than **Saturday, July 16, 2016 at 5:00 p.m.**, or (2) be prepared to proceed to trial on all claims on Monday morning.

SO ORDERED, the 15th day of July 2016.

Robert B. Jones, Jr.
United States Magistrate Judge

2

Case 7:13-cv-00192-RJ   Document 138   Filed 07/15/16   Page 2 of 2